## No. 24-20413

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

---

**Glenn Larkins; Rhonda Larkins,**
*Plaintiffs-Appellants*
v.
**S.D.P. Manufacturing, Incorporated; CTE, L.L.C., doing business as Custom Truck One Source; CTE, L.L.C., doing business as Hi-Tech Crane/CTE, Custom Truck & Equipment, LLC and Utility One Source; CTEC, Incorporated; Custom Truck & Equipment, L.L.C., doing business as Custom Truck One Source; Custom Truck One Source, Incorporated, formerly known as NESCO Holdings II, Incorporated and NESCO L.L.C. DBA NESCO Rentals, NESCO Specialty Rentals, NESCO Sales and Rentals; CTEC Holding Company, L.L.C.; CTEC Holdings, L.L.C.,**
*Defendants-Appellees*

---

Appeal from the United States District Court for the
Southern District of Texas, No. 4:23-CV-1687

---

## BRIEF OF APPELLANTS

Joseph F. Yeckel
Yeckel Law Firm LLC
8909 Ladue Rd.
St. Louis, Missouri 63124

David Patrick Daniel, Jr.
Patrick Daniel Law
4801 Woodway Dr., Suite 440-W
Houston, TX 77056

*Attorneys for Appellants*

Michael Gross
Michael Gross Law Office
6350 Clayton Rd., Unit 306
St. Louis, Missouri 63117

i

## CERTIFICATE OF INTERESTED PERSONS

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of 5th CIR Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this court may evaluate possible disqualification or recusal.

| Appellees: | Counsel for Appellees: |
|---|---|
| CTE, L.L.C. | Jon Van Steenis of Blue Williams, L.L.C. Houston, TX |
| CTE, L.L.C. | Jon Van Steenis of Blue Williams, L.L.C. Houston, TX |
| CTEC Holding Company, L.L.C. | Jon Van Steenis of Blue Williams, L.L.C. Houston, TX |
| CTEC Holdings, L.L.C. | Jon Van Steenis of Blue Williams, L.L.C. Houston, TX |
| CTEC, Incorporated | Jon Van Steenis of Blue Williams, L.L.C. Houston, TX |
| Custom Truck & Equipment, L.L.C. | Jon Van Steenis of Blue Williams, L.L.C. Houston, TX |
| Custom Truck One Source, Incorporated | Jon Van Steenis of Blue Williams, L.L.C. Houston, TX |
| S.D.P. Manufacturing, Incorporated | Russell Hollenbeck of Wright, Close & Barger, L.L.P. Houston, TX |
| S.D.P. Manufacturing, Incorporated | Lauren Parker of Smith Parker Elliott, P.L.L.C. Houston, TX |

| Appellants: | Counsel for Appellants: |
|---|---|
| Glenn Larkins | David Patrick Daniel, Jr., Patrick Daniel Law, Houston, TX |
| Rhonda Larkins | David Patrick Daniel, Jr., Patrick Daniel Law, Houston, TX |
| Glenn Larkins | Joseph Yeckel of Yeckel Law Firm, LLC, Saint Louis, MO |
| Rhonda Larkins | Joseph Yeckel of Yeckel Law Firm, LLC, Saint Louis, MO |
| Glenn Larkins | Michael Gross of Michael Gross Law Office, Saint Louis, MO |
| Rhonda Larkins | Michael Gross of Michael Gross Law Office, Saint Louis, MO |

/s/ Joseph F. Yeckel
Joseph F. Yeckel
Attorney for Appellants

## STATEMENT REGARDING ORAL ARGUMENT

Appellants request oral argument. Oral argument will assist the resolution of this appeal by allowing counsel to address the pertinent facts and applicable precedent that discusses and applies Texas law for assessing diligence in procuring service.

# TABLE OF CONTENTS

Certificate of Interested Persons ..........................................................i

Statement Regarding Oral Argument .............................................. ii

Table of Contents ......................................................................... iii

Table of Authorities ........................................................................v

Statement of Jurisdiction..................................................................1

Issues Presented ..............................................................................3

Statement of the Case......................................................................4

Summary of Argument ....................................................................9

Argument......................................................................................10

    Standard of Review..................................................................10

I.     The District Court Erred in Determining as a Matter of Law
       that the Larkins Did Not Use Reasonable Diligence to Serve
       the Defendants ..................................................................11

       A.     Standard for Determining Diligence .......................11

       B.     The Evidence Presented by the Larkins Raises a Material
           Question of Fact Regarding Diligence ....................13

II.    The District Court Erred in Dismissing *Sua Sponte* the Larkins'
      Claims Against CTEC, Inc. ..............................................24

Conclusion ...................................................................................26

Certificate of Service ....................................................................27

Certificate of Compliance ..............................................................27

# TABLE OF AUTHORITIES

Page(s)

## <u>Cases</u>

*Alexander v. Clear*,
No. 3:22-CV-1144-G, 2023 WL 3087337 (N.D. Tex. Apr. 25, 2023) ......... 15, 19

*Ashley v. Hawkins*,
293 S.W.3d 175 (Tex. 2009) ........................................................................ 13, 22

*Auten v. DJ Clark, Inc.*,
209 S.W.3d 695 (Tex.App.-Houston 2006) ............................................ 11, 12, 22

*Bass v. Greene*,
No. 6:19-CV-00541, 2020 WL 1880946 (E.D. Tex. Jan. 21, 2020) ............. 15, 19

*Boyattia v. Hinojosa*,
18 S.W.3d 729 (Tex.App.-Dallas 2000) ................................................ 11, 12, 18

*Branch Banking & Tr. Co. v. SWIG Partners GP, LLC*,
2017 WL 6627541 (Tex.App.-Dallas Dec. 13, 2017) ........................................ 15

*Budget Rent A Car Sys., LLC v. Valadez*,
558 S.W.3d 304 (Tex.App.-Houston 2018) ................................................ 12, 22

*Butler v. Ross*,
836 S.W.2d 833 (Tex.App.-Houston 1992) ........................................................ 22

*Carroll v. Fort James Corp.*,
470 F.3d 1171 (5th Cir. 2006) ............................................................................ 25

*Carver v. Atwood*,
18 F.4th 494 (5th Cir. 2021) ............................................................................... 25

*Celotex Corp. v. Catrett*,
477 U.S. 317 (1986) ........................................................................................... 24

*Cornejo v. Int'l Bank of Com.*,
2021 WL 4296416 (Tex.App.-Austin Sept. 22, 2021) ............................ 17, 19, 20

*Dillard v. Davis*,
2023 WL 6162767 (5th Cir. Sept. 21, 2023) ..........................................2

*Edwards v. Kaye*,
9 S.W.3d 310 (Tex.App.-Houston 1999) ............................................17

*English v. Record*,
2021 WL 4095253 (Tex.App.-Houston Sept. 9, 2021).................... 16, 17, 18, 19

*Gant v. DeLeon*,
786 S.W.2d 259 (Tex. 1990) ........................................................ 11, 22

*Gomez v. Galman*,
18 F.4th 769 (5th Cir. 2021).............................................................10

*Hansler v. Mainka*,
807 S.W.2d 3 (Tex.App. Corpus Christi 1991) ...................................22

*Johnson v. Bay Villa Nursing Home*,
No. CIV.A. G-14-00361, 2015 WL 1132960 (S.D. Tex. Mar. 12, 2015) ..........12

*Judwin Props., Inc. v. U.S. Fire Ins. Co.*,
973 F.2d 432 (5th Cir. 1992)..................................................... 25, 26

*Keeton v. Carrasco*,
53 S.W.3d 13 (Tex.App.-San Antonio 2001) .....................................10

*LaCount II v. United States*,
2024 WL 4763051 (5th Cir. Nov. 13, 2024).........................................2

*Lawrence v. Geico General Ins. Co.*,
2009 WL 1886177 (Tex.App.-Houston July 2, 2009) .........................13

*Leatherman v. Tarrant Cnty. Narcotics Intel. & Coordination Unit*,
28 F.3d 1388 (5th Cir. 1994)...............................................................25

*Lewis v. Fresne*,
252 F.3d 352 (5th Cir. 2001)..............................................................10

*Maurico v. Castro*,
287 S.W.3d 476 (Tex.App.-Dallas 2009) ...........................................23

*McGuire v. Fed. Deposit Ins. Corp.*,
  561 S.W.2d 213 (Tex.App.-Houston 1977) ........................................................20

*Naquin v. Elevating Boats, L.L.C.*,
  817 F.3d 235 (5th Cir. 2016) ................................................................................10

*Perkins v. Groff*,
  936 S.W.2d 661 (Tex.App.-Dallas 1996) ............................................................23

*Plantation Prod. Props., L.L.C. v. Meeks*,
  2004 WL 2005445 (Tex.App.-Waco Sept. 8, 2004) .................................... 17, 20

*Powell v. United States*,
  849 F.2d 1576 (5th Cir.1988) ...............................................................................25

*Proulx v. Wells*,
  186 S.W.3d 630 (Tex.App.-Ft. Worth 2006) .......................................................21

*Proulx v. Wells*,
  235 S.W.3d 213 (Tex. 2007) ........................................... 11, 12, 13, 17, 19, 21, 22

*Rodriguez v. Tinsman & Houser, Inc.*,
  13 S.W.3d 47, (Tex.App.-San Antonio 1999) .....................................................23

*Rogers v. Dunham*,
  478 F. App'x 875 (5th Cir. 2012) ..................................................... 10, 12, 13, 24

*Saenz v. Keller Indus. of Texas, Inc.*,
  951 F.2d 665 (5th Cir. 1992) ........................................................................ 11, 13

*Tranter v. Duemling*,
  129 S.W.3d 257 (Tex.App.-El Paso 2004) ..........................................................12

*Wade v. McLane Co.*,
  2024 WL 4295279 (Tex.App.-Texarkana Sept. 26, 2024) ...................................19

*Webster v. Thomas*,
  5 S.W.3d 287 (Tex.App.-Houston 1999) .............................................................22

## **Statutes**

28 U.S.C. § 1291 ...............................................................................................2, 4

28 U.S.C. § 1332 .......................................................................................................1

28 U.S.C. § 1441 ...........................................................................................1

Tex. Civ. Prac. & Rem. Code § 16.003 ...................................................11

## STATEMENT OF JURISDICTION

Plaintiffs Glenn and Rhonda Larkins filed this action in 125th Judicial District Court of Harris County, Texas. ROA.24. The case was removed to the United States District Court for the Southern District of Texas pursuant to 28 U.S.C. §§ 1332 & 1441. ROA.13, 109. The plaintiffs filed a motion to remand. ROA.115. The district court denied the motion to remand, concluding that non-diverse defendant CenterPoint Energy Houston Electric, LLC, was improperly joined. ROA.1102-03; *see also* ROA.438-439, 920.

Having retained jurisdiction, the district court granted CenterPoint's motion to dismiss for failure to state a claim. ROA.1103; *see also* ROA.920. Defendant S.D.P. Manufacturing, Inc., filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), alleging the plaintiffs' claims were time-barred because the plaintiffs did not use reasonable diligence to serve the citation after the statute of limitations expired. ROA.451. Defendants Custom Truck One Source, Inc., formerly known as NESCO Holdings II, Inc. and Nesco LLC DBA NESCO Rentals, NESCO Sales and Rentals; CTEC Holdings Co., LLC (which alleged it had been improperly named as CTEC Holding, LLC); CTE, LLC d/b/a Custom Truck One Source; CTE, LLC, d/b/a Hi-Tech Crane/CTE, Custom Truck & Equipment, LLC; Custom Truck & Equipment, LLC d/b/a Custom Truck One Source (hereinafter "Custom Truck Defendants") moved for summary judgment on the same basis. ROA.459.

The district court granted both motions, finding that all claims were barred by the statute of limitations. ROA.930-31. On August 8, 2024, the district court entered final judgment that dismissed the Larkins' action with prejudice. ROA.919-931.[1]

On September 5, 2024, the Larkins filed a post-trial motion seeking relief under Fed. R. Civ. P. 59(a) and 60(b). ROA.932. On September 9, 2024, while that motion was pending, the Larkins filed a notice of appeal. ROA.989. The district court entered an order denying the post-trial motion on February 18, 2025. ROA.1089. That order rendered the notice of appeal effective. *See LaCount II v. United States*, 2024 WL 4763051, at *1 (5th Cir. Nov. 13, 2024); *Dillard v. Davis*, 2023 WL 6162767, at *1 (5th Cir. Sept. 21, 2023). This Court has jurisdiction pursuant to 28 U.S.C. § 1291.

---

[1] The court dismissed the Larkins' claims against CTEC, Inc., even though it had not joined the Custom Truck Defendants' motion for summary judgment or filed its own dispositive motion. *See* ROA.479. In its ruling, the court entered summary judgment in favor of the "CTEC Defendants," and identified those defendants as "CTE, LLC d/b/a Custom Truck One Source; CTE, LLC d/b/a Hi-Tech Crane/CTE, Custom Truck & Equipment, LLC and Utility One Source; **CTEC, Inc**; Custom Truck & Equipment, LLC d/b/a Custom Truck One Source; Custom Truck One Source, Inc formerly known as NESCO Holdings II, Inc and NESCO LLC d/b/a NESCO Rentals, NESCO Specialty Rentals and NESCO Sales and Rentals; CTEC Holding Co, LLC; and CTEC Holdings, LLC." ROA.920 (emphasis added). As exhibits to their motion for summary judgment, the Custom Truck Defendants submitted affidavits of service that stated they and CTEC, Inc., were served on April 5. ROA.507-535. The court entered summary judgment in favor of CTEC, Inc., on the same basis as the Custom Truck Defendants.

## ISSUE PRESENTED FOR REVIEW

**1.    Whether the District Court erred in finding that the Larkins failed to serve the defendants with reasonable diligence as a matter of law and dismissing the action on the basis that the claims were barred by the statute of limitations.**

**2.    Whether the District Court erred in dismissing *sua sponte* the claims against defendant CTEC, Inc., without giving the Larkins prior notice of its intent to do so and an opportunity to respond.**

## STATEMENT OF THE CASE

Glenn Larkins worked as a lineman for Mesa Line Services. ROA.27. CenterPoint Energy Houston Electric, LLC, hired Mesa to replace a broken transformer. ROA.27. Mesa dispatched a crew that included Mr. Larkins to perform the work on February 18, 2021. ROA.27. Mr. Larkins operated an EZ Hauler to access the site where the transformer was located. ROA.27.[2] The EZ Hauler tipped over and crushed him. ROA.27.

On February 20, 2023, Mr. Larkins and his wife Rhonda commenced this action in Texas state court. ROA.24. The petition named as defendants CenterPoint Energy, S.D.P. Manufacturing, which manufactured the EZ Hauler, and the CTEC Defendants,[3] which leased the EZ Hauler to Mesa. ROA.24-27. The petition asserted claims of negligence, negligence per se, and gross negligence against all defendants for failure to provide a safe product, and products liability claims against S.D.P. Manufacturing and the CTEC Defendants. ROA.28-31.

The CTEC Defendants were served on April 5, 2023. ROA.39-62, 71-74, 920. S.D.P. Manufacturing was served on April 11, 2023. ROA.67-70, 920. CenterPoint was served on April 18, 2023. ROA.63-66, 920.

---

[2] An EZ Hauler is a "mini-digger derrick" that is designed be used in smaller spaces. ROA.26. It runs on tracks and is used to auger and dig holes and to set utility, rail, and telephone poles. Id.

[3] *See supra* n.1.

4

The defendants removed the case to federal court on the basis that CenterPoint was fraudulently joined to defeat complete diversity. ROA.13. CenterPoint filed a motion to dismiss the claims against it for failure to state a claim. ROA.86. The Larkins filed a motion to remand. ROA.115. Concluding that CenterPoint was improperly joined, the district court denied the motion to remand and granted CenterPoint's motion to dismiss. ROA.1112-13; *see also* ROA.920. These rulings are not challenged in this appeal.

S.D.P. Manufacturing and the Custom Truck Defendants sought to dismiss the lawsuit on statute of limitations grounds. S.D.P. Manufacturing filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). ROA.451. It argued the claims were barred because the Larkins did not use reasonable diligence to serve the citation between February 20, 2023, when the statute of limitations expired, and April 2023, when it was served, as required by Texas law. ROA.451. The Custom Truck Defendants moved for summary judgment on the same basis. ROA.460. To establish lack of diligence, the defendants argued that the clerk issued the citations on February 21 and that the Larkins waited until early April to send the citations to the process server. ROA.456, 465; *see also* ROA.141, 508-531.

In opposition to these motions, the Larkins submitted the affidavit of Stacey Powell as proof of diligence in serving the defendants. ROA.571. Ms. Powell is a paralegal at Patrick Daniel Law and was responsible for filing the lawsuit and

ensuring the citations were served. ROA.571. When the petition was filed, Ms. Powell was also assigned to a case pending in the Parish of Orleans, Louisiana, in which the principal attorney of her law firm was a defendant. ROA.571, 578. Ms. Powell explained that the discovery and deposition deadlines in the Louisiana case coincided with the expiration of the statute of limitations for the Larkins' claims. ROA.571. According to the scheduling order in the Louisiana case, all discovery had to be completed by February 20 and the trial would commence on March 6. ROA.571, 578. On February 20, the chief judge issued an emergency order closing the courthouse due to a fire. ROA.571-572, 592. Ms. Powell attested that this order created "significant confusion as [to] the pending trial date and other deadlines" in the Louisiana case. ROA.571-572.

On February 21, while the emergency order was in place, the clerk issued the citations in *Larkins*. ROA.572. Ms. Powell sent the citations to the process server on February 24 with instructions to serve the defendants, which controverted the defendants' contention that 6 weeks passed before the citations were delivered to the process server. ROA.572.

Believing the citations were out for service, Ms. Powell returned her attention to the impending trial in the Louisiana case. ROA.571-572. On February 28, the parties were informed that the judge intended to proceed with the jury trial as scheduled in a yet-to-be-determined location. ROA.572, 595. The trial did not

begin on March 6. ROA.572. Instead, the court heard and granted the plaintiff's motion in limine. ROA.572, 598. Its ruling barred Mr. Daniel and two of his experts from testifying and excluded Mr. Daniel's discovery responses from evidence. ROA.572, 598. The parties returned to court the next day, and the judge reset the trial for a month later. ROA.572. Mr. Daniel returned to his office in Houston and began drafting an emergency writ petition to vacate the trial court's evidentiary ruling. ROA.572. Mr. Daniel completed the writ application on March 19 and sent it to trial counsel for filing in the Louisiana Court of Appeal. ROA.572.

Ms. Powell contacted the process server on March 22 to check on the status of service on the *Larkins* defendants. ROA.572. The process server responded on March 25 and informed Ms. Powell that service had not moved forward due to its confusion over the identities of some of the defendants because they have similar names. ROA.572-573. Ms. Powell performed an audit to verify the identities of these defendants between March 25 and March 29. ROA.572-573. Ms. Powell issued updated service instructions to the process server on March 30. ROA.573. On April 4 and 5, individual process servers were assigned to serve the defendants. ROA.573-574. The CTEC Defendants were served on April 5, and S.D.P. Manufacturing was served on April 11. ROA.39-62, 67-74, 508-535, 573-574, 641-672, 920.

The defendants did not dispute any factual matters in Ms. Powell's affidavit or offer any evidence in response. ROA.864, 899. They argued that the evidence presented by the Larkins was insufficient to establish diligence as a matter of law. ROA.864, 899.

The district court granted the defendants' motions. ROA.930-931. The court concluded that there was no evidence from which a jury could find that the Larkins used reasonable diligence to serve the defendants. ROA.925-930. It dismissed the case with prejudice. ROA.930-931. This appeal ensued.

## SUMMARY OF ARGUMENT

The district court erred in finding the Larkins claims are time-barred as a matter of law. Under Texas law, when the plaintiff timely files suit but serves the defendant after the statute of limitations expired, service relates back to the date the suit was filed if the plaintiff used reasonable diligence to procure service. When the plaintiff provides an explanation for the delay in service that is not patently unreasonable, the issue of diligence may not be determined as a matter of law. It is a question of fact for the jury.

The Larkins provided a plausible explanation for the delay in serving the defendants. They requested the issuance of the citations when they filed the petition, they promptly sent the citations to a process server with instructions to serve the defendants. The paralegal assigned to their case contacted the process server less than a month later to inquire about the status of service, at which time she was informed that the process server was confused about the identities of certain defendants. The paralegal addressed the issue in 2 business days. The process server assigned individual process servers to serve the defendants in 2 or 3 business days, and the defendants were served within a week. Because the Larkins provided a plausible explanation for the short delay in serving the defendants, the district court erred in determining that the Larkins did not exercise reasonable diligence as a matter of law.

9

The district court erred in dismissing *sua sponte* the claims against CTEC, Inc., because it did not give the Larkins prior notice of its intent to adjudicate those claims and an opportunity to respond.

## ARGUMENT

## Standard of Review

A district court's grant of a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is reviewed de novo. *Gomez v. Galman*, 18 F.4th 769, 775 (5th Cir. 2021). The factual information that may be considered in adjudicating a Rule 12(b)(6) motion is limited to facts set forth in the complaint, documents attached to the complaint, and matters that may be judicially noticed. *Id*. Facts are viewed in the light most favorable to the plaintiff. *Id*. "All questions of fact and any ambiguities in the current controlling substantive law must be resolved in the plaintiff's favor." *Lewis v. Fresne*, 252 F.3d 352, 357 (5th Cir. 2001).

This Court also reviews the grant of summary judgment de novo. *Naquin v. Elevating Boats, L.L.C.*, 817 F.3d 235, 238 (5th Cir. 2016); *Rogers v. Dunham*, 478 F. App'x 875, 877 (5th Cir. 2012). All facts and inferences are construed in the light most favorable to the nonmoving party. *Naquin*, 817 F.3d at 238; *see Keeton v. Carrasco*, 53 S.W.3d 13, 18 (Tex.App.-San Antonio 2001) ("[T]he reviewing court will take as true all evidence favoring the non-movant," and "[e]very

10

reasonable inference from the evidence will be indulged in favor of the non-movant, and any doubts will be resolved in its favor.").

**I.     The District Court Erred in Determining as a Matter of Law that the Larkins Did Not Use Reasonable Diligence to Serve the Defendants.**

    A.    <u>Standard for Determining Diligence</u>

In Texas, a plaintiff asserting claims for personal injury must "bring suit" within two years of the date the cause of action accrued. Tex. Civ. Prac. & Rem. Code § 16.003.[4] "Bringing suit" entails filing the petition and serving the defendant. *Gant v. DeLeon*, 786 S.W.2d 259, 260 (Tex. 1990). If the plaintiff is diligent in procuring service after the statute of limitations has expired, service will relate back to the date suit was filed. *Id*. "A plaintiff is not required to use the highest degree of diligence to procure service." *Auten v. DJ Clark, Inc*., 209 S.W.3d 695, 698-699 (Tex.App.-Houston 2006). The standard is reasonable diligence: "[T]he relevant inquiry is whether the plaintiff acted as an ordinarily prudent person would have acted under the same or similar circumstances and was diligent up until the time the defendant was served." *Proulx v. Wells*, 235 S.W.3d 213, 216 (Tex. 2007). A plaintiff acts with reasonable diligence when his "actions manifest a 'bona fide intention' to have process served." *Boyattia v. Hinojosa*, 18

---

[4] In diversity cases federal courts apply the forum state's law to determine whether claims are barred by the statute of limitations. *Saenz v. Keller Indus. of Texas, Inc.*, 951 F.2d 665, 667 (5th Cir. 1992).

S.W.3d 729, 734 (Tex.App.-Dallas 2000). Thus, a plaintiff "who wholly ignores his duty to have the defendant served during a lengthy period of time does not manifest a bona fide intention to have process served." *Johnson v. Bay Villa Nursing Home*, No. CIV.A. G-14-00361, 2015 WL 1132960, at *4 (S.D. Tex. Mar. 12, 2015) (citing *Boyattia*, 18 S.W.3d at 734).

Courts use a burden-shifting analysis to assess the plaintiff's efforts. *Rogers*, 478 F. App'x at 877 (citing *Tranter v. Duemling*, 129 S.W.3d 257, 259–60 (Tex.App.-El Paso 2004)). When the defendant establishes service occurred after the statute of limitations expired, the plaintiff has the burden of providing an explanation for the delay. *Id*. If the plaintiff's explanation "raises a material fact issue concerning the diligence of service efforts, the burden shifts back to the defendant to conclusively show why, as a matter of law, the explanation is insufficient." *Proulx*, 235 S.W.3d at 216; *see also Auten*, 209 S.W.3d at 699 (the defendant "must show that, as a matter of law, the plaintiff did not exercise due diligence to effect service").

Whether a plaintiff acted with due diligence is usually a fact question that is "determined by examining the time it took to secure citation, service, or both, and the type of effort or lack of effort the plaintiff expended in procuring service." *Budget Rent A Car Sys., LLC v. Valadez*, 558 S.W.3d 304, 307 (Tex.App.-Houston 2018). The question of due diligence may not be answered as a matter of law

unless "the plaintiff offers no valid explanation for the delay in service." *Lawrence v. Geico General Ins. Co.*, 2009 WL 1886177, at *3 (Tex.App.-Houston July 2, 2009). "[W]here the plaintiff offers some plausible account of activity directed towards serving the defendant," the defendant must "demonstrate conclusively that plaintiff did not act diligently or that plaintiff's excuses are invalid." *Rogers,* 478 F. App'x at 878. "Only in rare instances have the Texas courts concluded that an excuse offered by the plaintiffs for failure to procure service negated the exercise of due diligence as a matter of law." *Saenz v. Keller Indus. of Texas, Inc.*, 951 F.2d 665, 667 (5th Cir. 1992); *see also Ashley v. Hawkins*, 293 S.W.3d 175, 179 (Tex. 2009) (recognizing that explanations given by a plaintiff for lapses in procuring service demonstrate lack of diligence as a matter of law only when they are "patently unreasonable").

      B.    The Evidence Presented by the Larkins Raises a Material Question of Fact Regarding Diligence.

Because the defendants were not served within the statute of limitation, the Larkins had to provide an explanation for the delay in serving the defendants that raised a question of material fact regarding diligence. *Proulx*, 235 S.W.3d at 216. Ms. Powell's affidavit satisfies that burden.

Ms. Powell explained that when the Larkins' petition was filed, she and David Patrick Daniel, the firm's principal attorney, were busy preparing for a trial in a lawsuit against Mr. Daniel in Louisiana scheduled to begin in two weeks.

ROA.571-572, 578. Despite these commitments, Ms. Powell timely filed the

Larkins' petition on February 20, 2023, and made arrangements for a process

server to serve the defendants within three days of the citations being issued.

ROA.571-572. Believing service was in progress, Ms. Powell returned her

attention to the upcoming Louisiana trial. ROA.571-572.

On March 22, Ms. Powell contacted the process server for an update on the

status of service. ROA.572. The process server responded three days later and

informed Ms. Powell that it had not moved forward with service because it was

confused about the identities of some of the businesses named as defendants with

similar names. ROA.572-573. Ms. Powell immediately addressed this issue.

ROA.572-573. She attested: "From March 25-29, I personally performed an audit

of the Larkins matter to differentiate between entities and confirm service

instructions due to the sale and merger of the Custom Truck entities…." ROA.572.

On March 30, Ms. Powell issued updated service instructions to the process server.

ROA.573. Service was effectuated promptly thereafter. The process server

assigned individual process servers on April 4 and 5. ROA.573. The CTEC

Defendants were served on April 5. ROA.39-62, 71-74, 508-535, 573, 641-659.

S.D.P. Manufacturing was served on April 11. ROA.67-70, 574, 670-672.

The district court's conclusion that the evidence submitted by the Larkins

does not "come[] anywhere close to meeting the requisite standards," ROA.927,

14

cannot be squared with Texas law. Its critique of Ms. Powell's explanation for the delay in service amounts to a series of nitpicks and does not support a finding that the Larkins failed to act with due diligence as a matter of law.

*First*, the court faulted Mr. Daniel for not submitting an affidavit explaining "his own conduct and actions towards any showing of diligence." ROA.926. But Ms. Powell's affidavit explains that Mr. Daniel assigned her the tasks of filing and serving the lawsuit. ROA.571. To be sure, Mr. Daniel bears ultimate responsibility for the efforts of Ms. Powell if they were deficient. However, there is no requirement that an attorney describe his or her own actions to effect service, especially when that responsibility has been assigned to a paralegal. *See Alexander v. Clear*, No. 3:22-CV-1144-G, 2023 WL 3087337, at *4 (N.D. Tex. Apr. 25, 2023) (finding affidavit of paralegal "who was assigned to effectuate service on both defendants" created an issue of material fact regarding plaintiff's diligence).[5]

---

[5] Testimony documenting service efforts is not always necessary to create an issue of fact regarding diligence. *See Branch Banking & Tr. Co. v. SWIG Partners GP, LLC*, 2017 WL 6627541 (Tex.App.-Dallas Dec. 13, 2017) (finding that plaintiff was not required "to provide any evidence of its efforts to effect service outside the dates of service reflected in the record" because the "dates of service alone were sufficient to show a bona fide intention to have process served"); *Bass v. Greene*, No. 6:19-CV-00541, 2020 WL 1880946, at *2–3 (E.D. Tex. Jan. 21, 2020) (relying on court record to find that defendant failed to establish lack of diligence as a matter of law where plaintiff did not respond to defendant's motion for summary judgment and 19-day and 23-day periods of inactivity were "minor" and did not shift the burden to plaintiff to provide an explanation).

*Second*, the court criticized the Larkins for not explaining why the citations were "held for three days" after they were issued by the clerk. ROA.927. In making this finding, the court improperly weighed evidence and deprived the Larkins of all favorable inferences. There is no evidence the citations were "held" for several days before Ms. Powell sent them to the process server. Ms. Powell was preoccupied with preparations for the upcoming trial in the Louisiana case when the clerk issued the citations. Nothing in the record indicates that she (or anyone else at the law firm) knew the citations had been issued or had received the citations prior to February 24, when they were sent to the process server.

Even if Ms. Powell received the citations on February 21, her affidavit adequately explains the brief delay in delivering them to the process server—she was busy handling pretrial matters in the Louisiana case. ROA.571-572. The district court dismissed "being busy" as a "valid excuse" for delays in service. ROA.928. But Texas authority refutes this notion. In *English v. Record*, 2021 WL 4095253, at *4 (Tex.App.-Houston Sept. 9, 2021), the court held that counsel's 3-week delay in asking the clerk to issue the citation after filing suit because he was working on other "pressing matters" did not establish lack of diligence as a matter of law. The court also found the plaintiff's failure to "fully explain why there was a one-month gap between…the issuance of the citation and the first attempt at service" 64 days after the statute of limitations expired did not conclusively

demonstrate lack of diligence. *Id.* In *Edwards v. Kaye*, 9 S.W.3d 310, 315

(Tex.App.-Houston 1999), the court held that the plaintiff's explanation for not

serving the defendant for three months after filing suit raised a fact question on

diligence, where his counsel stated he was in trial in an out-of-town court when the

suit was filed and did not realize the citation had not been issued until the clerk

notified him 84 days later.

Texas courts have excused periods of inactivity much longer than those in

this case, even when unaccompanied by a specific explanation. *See Proulx*, 235

S.W.3d at 216-17 (holding that defendant did not establish lack of diligence as

matter of law where there was an unexplained 19-day delay between plaintiff's

filing of petition and process server's receipt of citation); *Cornejo v. Int'l Bank of

Com.*, 2021 WL 4296416, at *4 (Tex.App.-Austin Sept. 22, 2021) (concluding that

a 42-day period between the process server's last unsuccessful service attempt and

the filing of a motion for substituted service and a 28-day delay between the order

authorizing substituted service and execution of substituted service did not

constitute unreasonable delays or a lack of diligence as a matter of law).

Only ***prolonged*** periods of inactivity require a specific explanation. *See

Plantation Prod. Props., L.L.C. v. Meeks*, 2004 WL 2005445, at *6 (Tex.App.-

Waco Sept. 8, 2004) (stating that "any unexplained ***extended*** periods of time in

which no attempt at service of process is made constitutes a lack of due diligence

as a matter of law"); *Boyattia*, 18 S.W.3d at 734 (concluding that a plaintiff who fails to have the citation "served on the defendant during a ***lengthy*** period of time the citation remains with the clerk does not manifest a bona fide intention to have process served") (emphasis added); *Bass*, 2020 WL1880946, at *4 ("Plaintiffs are not required to provide detailed explanations for…***minor*** alleged gaps in service efforts.").

*Third*, the court faulted the Larkins for failing to explain why "there was no follow up on service for nearly a full month." ROA.927. Again, Ms. Powell's explanation that she and Mr. Daniel were busy preparing for trial in the Louisiana case during this period raises a fact issue as to whether the Larkins were diligent in attempting to serve the defendants. *See English*, 2021 WL 4095253, at *4 (finding counsel's explanation that 3-week delay in requesting citation was due to him being "occupied" with work on "other pressing matters" created question of fact on diligence). Ms. Powell asked the clerk to issue the citations when she filed the petition and promptly sent the citations to the process server with directions to serve the defendants. ROA.571-572. Her actions "manifest[ed] a 'bona fide intention' to have process served." *Boyattia*, 18 S.W.3d at 734.

It was not unreasonable—let alone "patently unreasonable"—for Ms. Powell to allow the process server 26 days to serve the defendants before following up. Texas courts recognize that an attorney's reliance on a process server may

constitute reasonable diligence. *English*, 2021 WL 4095253, at *5. While "months-long reliance…on unfamiliar and unresponsive process servers" may be unreasonable, *Wade v. McLane Co.*, 2024 WL 4295279, at *4 (Tex.App.-Texarkana Sept. 26, 2024), there is no evidence of protracted reliance on an inattentive process server in this case. In *Alexander v. Clear*, 2023 WL 3087337, at *4, the court found the paralegal's belief that the process server was attempting to serve defendant for 2 ½ months raised material question of fact as to diligence even though citation had mistakenly not been sent to process server. The Larkins were "permitted to give [their] process server a reasonable amount of time to accomplish service." *Cornejo*, 2021 WL 4296416, at *4. By contacting the process server less than month after delivering the citations, Ms. Powell "acted as an ordinarily prudent person would have acted under the same or similar circumstances." *Proulx*, 235 S.W.3d at 216.

*Fourth*, the court found that the Larkins' showing was deficient because it did not explain "why it took five full days to ascertain the names and addresses for seven entities" and "another four or five days for the citations to again be re-assigned for service." ROA.927. Again, such short gaps do not conclusively negate diligence. *See Proulx,* 235 S.W.3d at 216-17; *Bass*, 2020 WL 1880946, at *3-4. A specific explanation is not required unless there are "***extended*** periods of time in

19

which no attempt at service of process is made." *Plantation Production Properties, L.L.C.*, 2004 WL 2005445, at *6 (emphasis added).[6]

The Larkins did offer a plausible explanation for these delays. According to her affidavit, Ms. Powell's audit of the business entities started right after she spoke with the process service and concluded four days later. ROA.572-573. Two of these days fell on a weekend. Taking two business days (March 28 and March 29) to verify the names and addresses of seven business entities is not dilatory *as a matter of law*. After conducting the audit, Ms. Powell sent updated instructions to the process server on March 30. The process server assigned individual process servers two or three business days later.[7] Since a process server is allowed "a reasonable amount of time to accomplish service," *Cornejo*, 2021 WL 4296416, at *4, this alleged gap does not conclusively negate diligence either. The Larkins explanation for this brief delay is not patently unreasonable and creates a material question of fact regarding diligence.

---

[6] The district court stated it is "incumbent upon the [plaintiff], not only to furnish the [clerk] with the information that it had concerning the [service address], but to exercise ordinary diligence in ascertaining that citation was actually issued and served on the basis of such information." ROA.927-28 (quoting *McGuire v. Fed. Deposit Ins. Corp.*, 561 S.W.2d 213, 215 (Tex.App.-Houston 1977)). There is no evidence, however, that the clerk was given inaccurate information or that the citations issued were incorrect. Rather, the process server held up service on all defendants based on its own confusion due to the similarity of some of the defendants' names.

[7] April 1 was a Saturday, and April 2 was a Sunday.

*Fifth*, the court criticized Ms. Powell's "timeline recitation" for not "accounting for *all* of the working hours in a given day" and "*all* of the of the time resources available from other employees." ROA.928 (emphasis in original). The court believed *Proulx* mandated such a detailed explanation: "[T]he Texas Supreme Court requires a plaintiff 'to explain every lapse in effort or period of delay.'" ROA.928 (quoting *Proulx*, 235 S.W.3d at 216). The district court misconstrued *Proulx*. Neither *Proulx* nor any other Texas case requires the exhaustive accounting of time and personnel the court demanded.

An examination of *Proulx* shows that the Texas Supreme Court excused gaps of similar duration as those in this case even though the plaintiff offered no specific explanation for those delays. 235 S.W.3d at 216-217. It noted that the Court of Appeals had concluded Mr. Proulx was not diligent as a matter of law because he did not provide a specific explanation for three periods of inactivity: the 19-day period from the lawsuit's filing to the first process server's receipt of citation, the 3-week period between the trial court's dismissal of the suit for lack of prosecution and the plaintiff's filing of a motion to reinstate, and the 24-day period between the plaintiff's hiring of a second process server and that server obtaining the citation. *Id*. at 216-17 (citing *Proulx v. Wells*, 186 S.W.3d 630, 636 (Tex.App.- Ft. Worth 2006)). In holding that the defendant had not conclusively established lack of diligence, the Texas Supreme Court "necessarily held either that these gaps

were not separate periods of delay requiring an individual explanation or that they did not constitute separate lapses in effort." *Bass*, 2020 WL1880946, at *3 (citing *Proulx*, 235 S.W.3d at 216).[8] Which explains why *Proulx* cautioned "that some periods of time elapsed between service efforts does not conclusively demonstrate that [the plaintiff] was not exercising diligence." 235 S.W.3d at 217. The exacting standard for proving diligence imposed by the district court contravenes Texas law: Service need only be achieved with reasonable diligence, not the highest degree of diligence. *Auten*, 209 S.W.3d at 698–99.

*Lastly*, the cases the district court relied on to dismiss the case are inapposite. In those cases, the plaintiffs offered no evidence explaining their actions to procure service after the statute of limitation ran. In *Budget Rent A Car System, LLC*, 558 S.W.3d at 307–08, the court found a lack of diligence as a matter of law because the plaintiff "offered no evidence to explain the thirty-two-day

---

[8] *Proulx* surveyed prior cases where periods of inactivity over three months long were found to conclusively establish lack of diligence. 235 S.W.3d at 217 (citing *Gant*, 786 S.W.2d at 260 (three periods totaling 38 months); *Webster v. Thomas*, 5 S.W.3d 287, 291 (Tex.App.-Houston 1999) (over four months); *Butler v. Ross*, 836 S.W.2d 833, 836 (Tex.App.-Houston 1992) (5 ½ months); *Hansler v. Mainka*, 807 S.W.2d 3, 5 (Tex.App. Corpus Christi 1991) (5 months)). The court noted that the present case featured no "comparable periods of unexplained inaction." *Id*. More recently, the Texas Supreme Court observed that "an almost two-month delay would not amount to a lack of diligence as a matter of law under many circumstances." *Ashley*, 293 S.W.3d at 180 n.6 (finding that plaintiff's awareness of defendant's location for nearly two months before effecting service coupled with "almost five months of unexplained gap" in service efforts "amounts to a lack of diligence as a matter of law").

delay" between the date the clerk issued the citation and the date the process server received the citation. In *Maurico v. Castro*, 287 S.W.3d 476, 480 (Tex.App.-Dallas 2009), the plaintiff "offered no evidence at trial to explain the thirty-one day delay between the expiration of limitations and the service of process."

Two other cases are further distinguishable because plaintiff's counsel did not ask the clerk to issue the citation before the statute of limitation ran. In *Perkins v. Groff*, 936 S.W.2d 661, 668 (Tex.App.-Dallas 1996), the plaintiff did not respond to the defendant's motion for summary judgment and the record contained no explanation for the plaintiff's delay in requesting the citation from the clerk. In *Rodriguez v. Tinsman & Houser, Inc.*, 13 S.W.3d 47, (Tex.App.-San Antonio 1999), plaintiff's counsel instructed the clerk not to issue the citation after the petition was filed and did not request the citation until two weeks after the statute of limitations expired. The court characterized the case as one of "inactivity or complete failure to attempt service that was due to miscommunication" which, unlike cases "involv[ing] miscalculated attempts to effect service," does not raise fact issues on diligence "because there are no efforts from which to evaluate the reasonableness or diligence of the actor." *Id*. at 51.

The district court erred in finding the Larkins' explanation for the delay in serving the defendants was insufficient as a matter of law. Their explanation accounts for the entire period of the delay and exhibits a bona fide intention to

serve the defendants promptly after the suit was filed. Whether that explanation

constitutes due diligence is a question for a jury, not the court. *See Rogers*, 478 F.

App'x at 878-79.

## II.    The District Court Erred in Dismissing *Sua Sponte* the Larkins' Claims Against CTEC, Inc.

The Larkins asserted claims against CTEC, Inc., that were identical to those

asserted against the other CTEC Defendants. ROA.24-33. CTEC, Inc., never filed

an answer or sought affirmative relief in the trial court. Nevertheless, the district

court entered a final judgment that dismissed all the Larkins' claims, including

those asserted against CTEC, Inc. ROA.930-931. From the judgment it appears

that the court entered summary judgment in favor of CTEC, Inc., and the Custom

Truck Defendant for the same reason—that the efforts that led to these defendants

being served on April 5 were not reasonably diligent as a matter of law. If that is

the basis for the dismissal of the claims against CTEC, Inc., the ruling is erroneous

for the reasons discussed previously.[9] However, to the extent the court may have

dismissed these claims on some other basis, that ruling is also erroneous.

While district courts may enter summary judgments *sua sponte*, they may do

so only after giving the nonmoving party prior notice. *Celotex Corp. v. Catrett*, 477

---

[9] The Larkins can offer no evidence that establishes that CTEC, Inc., was served
with more diligence than the other CTEC Defendants. Thus, if this Court
concludes that the Larkins' efforts to serve the other CTEC Defendants were not
diligent as a matter of law, the dismissal of CTEC, Inc., would be harmless error.

U.S. 317, 326 (1986); Fed. R. Civ. P. 56(f) (parties must be given "notice and a reasonable time to respond"). This Court has "strictly enforced" the notice requirements of Rule 56. *Leatherman v. Tarrant Cnty. Narcotics Intel. & Coordination Unit*, 28 F.3d 1388, 1397 (5th Cir. 1994) (citing *Powell v. United States,* 849 F.2d 1576, 1579 (5th Cir.1988). The district court must give proper notice to insure the nonmoving party had the opportunity to make every possible factual and legal argument. *Leatherman*, 28 F.3d at 1397. This Court has "vacated summary judgments and remanded for further proceedings where the district court provided no notice prior to granting summary judgment *sua sponte,* even where 'summary judgment may have been proper on the merits.'" *Leatherman*, 28 F.3d at 1397 (quoting *Judwin Props., Inc. v. U.S. Fire Ins. Co*., 973 F.2d 432, 437 (5th Cir. 1992).

Likewise, a court may dismiss a claim *sua sponte* if it gives the plaintiff "both notice of the court's intention and an opportunity to respond" prior to its ruling. *Carver v. Atwood*, 18 F.4th 494, 498 (5th Cir. 2021) (quoting *Carroll v. Fort James Corp*., 470 F.3d 1171, 1177 (5th Cir. 2006)). Dismissal without affording the plaintiff adequate notice and an opportunity to respond is reversible error. *Id*. at 498-99.

The district court provided no notice of its intention to adjudicate the Larkins' claims against CTEC, Inc. Whether the court took that action in

conjunction with its ruling on the other defendants' motions for summary judgment or for some other reason, the dismissal of claims against CTEC, Inc., should be reversed and the case remanded to the trial court for further proceedings. *Judwin Props.*, 973 F.2d at 437.

## CONCLUSION

This Court should reverse the judgment for the reasons set forth in this brief. The case should be remanded to the District Court for further proceedings.

Respectfully submitted,

/s/ Joseph F. Yeckel
Yeckel Law Firm LLC
8909 Ladue Rd.
St. Louis, Missouri 63124
(314) 727-2430
joe@yeckel-law.com

Michael Gross
Michael Gross Law Office
6350 Clayton Road, Unit 306
St. Louis, Missouri 63117
(314) 863-5887
mgross@grossbriefs.com

David Patrick Daniel, Jr.
4801 Woodway Dr., Suite 440-W
Houston, TX 77056
713-999-6666
service@patrickdaniellaw.com

*Attorneys for Appellants*

## CERTIFICATE OF SERVICE

I hereby certify that on August 4, 2025, the foregoing brief was filed electronically with the Clerk of the Court using the Court's ECF System. Notice of this filing will be sent electronically by operation of the Court's electronic filing system to all counsel of record. In addition, a copy of the brief was served on Lauren Alberts Parker, co-counsel for S.D.P. Manufacturing, Inc., via email to the following addresses: lparker.service@spe-law.com and lparker@spe-law.com.

/s/ Joseph F. Yeckel
Joseph F. Yeckel
*Attorney for Appellants*

## CERTIFICATE OF COMPLIANCE

1.      This brief complies with the type-volume limitation of Fed. R. App. P. 35(b)(2)(A) because it contains 6,058 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f).

2.      This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point font.

Dated: August 4, 2025

/s/ Joseph F. Yeckel
Joseph F. Yeckel
*Attorney for Appellants*